**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| **CORA A. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 6:12-cv-67** |
| ) | |
| **CAROLYN W. COLVIN**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Cora A. Jones ("Jones") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f. Specifically, Jones alleges that the Administrative Law Judge ("ALJ") erred by giving the opinion of state agency consulting physician Christopher Newell, M.D., less weight than the opinions of non-examining state agency physicians. Jones also argues that a subsequent decision finding her disabled and its underlying evidence constitutes new and material evidence warranting remand of this case pursuant to sentence six of 42 U.S.C. § 405(g).

This court has jurisdiction pursuant to 42 U.S.C. § 1383(c). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have fully briefed and argued all issues, and the case is ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, the arguments of counsel, and the applicable law. I conclude that substantial evidence supports the ALJ's decision not to fully adopt the opinion of Dr. Newell. I also

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

conclude that Jones did not show good cause for failing to submit the additional evidence to the

Appeals Council, and thus remand of this action is not warranted under sentence six of 42 U.S.C.

§ 405(g).   Accordingly, I **RECOMMEND DENYING** Jones's Motion for Summary Judgment

(Dkt. No. 11), and **GRANTING** the Commissioner's Motion for Summary Judgment (Dkt. No.

14).

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the

Commissioner's denial of social security benefits.  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir.

2001).  This court limits its review to a determination of whether substantial evidence exists to

support the Commissioner's conclusion that Jones failed to demonstrate that she was disabled

under the Act.  "Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence

but may be somewhat less than a preponderance."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir.

1996) (internal citations omitted).  The final decision of the Commissioner will be affirmed

where substantial evidence supports the decision.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th

Cir. 1990).

Jones bears the burden of proving that she is disabled within the meaning of the Act.

English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)).  The Act

defines "disability" as the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment, which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. § 423(d)(1)(A).  Disability under the Act requires showing more than the

fact that the claimant suffers from an impairment which affects her ability to perform daily

activities or certain forms of work. Rather, a claimant must show that her impairments prevent engaging in any and all forms of substantial gainful employment given the claimant's age, education, and work experience. See 42 U.S.C. § 423(d)(2).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[2] (4) can return to her past relevant work; and if not, (5) whether she can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. Wilkins v. Secretary, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991).

---

[2] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of her or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

3

## STATEMENT OF FACTS

### Social and Vocational History

Jones was born on January 14, 1950 (Administrative Record, hereinafter "R." at 37), and is considered a "person of advanced age" under the Act. 20 C.F.R. 416.963(e). Jones completed high school, and last worked as a preschool teacher assistant in a child care center (light, unskilled work) until January 5, 2000. R. 37-38, 44, 46. Jones reported that during the relevant period she lived alone, and had the capacity to care for herself, take out the trash, do light housework, drive a car, and grocery shop. R. 156-63.

### Claim History

Jones filed for SSI on June 22, 2009, claiming that her disability began that same day due to a previous back injury and arthritis. R. 121, 132. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 54-56, 59-60. On March 3, 2011, Administrative Law Judge ("ALJ") Marc Mates held a hearing to consider Jones's disability claim. R. 33-49. Jones was represented by an attorney at the hearing, which included testimony from Jones and vocational expert Barry Hensley, Ed.D. R. 11-15.

On April 21, 2011, the ALJ entered his decision denying Jones's claims and noting that Jones had previously applied for and been denied disability. R. 20-28. Most recently, Jones had unsuccessfully applied for disability in 2005. The ALJ found that Jones suffered from severe impairments of low back pain of unknown etiology, hypertension, asthma, and obesity. R. 22. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 22-23. The ALJ further found that Jones retained the residual functional capacity ("RFC") to perform a range of light work, except that she cannot

climb ladders, ropes or scaffolds, and must avoid concentrated exposure to dusts, fumes, odors, gases, poor ventilation or workplace hazards. R. 23.

The ALJ determined that Jones could return to her past relevant work as a preschool teacher assistant; and thus, was not disabled. R. 27-28. Jones filed a request for review with the Appeals Council and submitted a medical form from Gregg Albers, M.D., dated May 21, 2011, which the Appeals Council made part of the record. R. 5. On October 18, 2012, the Appeals Council denied Jones's request for review (R. 1-3), and this appeal followed.

## ANALYSIS

Jones argues that the ALJ erred by adopting the opinions of the state agency physicians, rather than the opinion of consulting physician Christopher Newell, M.D., when developing Jones's RFC. Jones also argues that the Court should remand this case under sentence six of 42 U.S.C. § 405(g) to consider a subsequent favorable decision and the evidence supporting that decision.

### Consulting Physician Opinion

Jones argues that the ALJ erred by adopting the opinions of the state agency physicians that she was able to stand/walk for up to six hours in an eight hour day, rather than the opinion of consulting physician Christopher Newell, M.D., who found that she can stand/walk for only four hours in an eight hour day. Jones argues that if the ALJ adopted the four hour stand/walk limitation, she would be prevented from performing her past relevant work and, given her advanced age, would be considered disabled under the Medical-Vocational Guidelines. Dkt. 11-1, p. 5.

Jones's argument rests, in part, on the fact that Dr. Newell's opinion is supported by a three question checklist form completed by Jones's treating physician, Greg Albers, M.D., which

simply asks whether Dr. Albers agrees with Dr. Newell's four hour walk/stand limitation. R. 282. Dr. Albers checked "yes," but did not prepare a narrative report setting out the basis of his opinion or assessing in detail Jones's functional abilities. Jones obtained the report from Dr. Albers after the ALJ rendered his decision denying the disability claim. Jones submitted Dr. Albers's report to the Appeals Council as evidence in support of her claim. In this appeal, Jones does not contend that the opinion from Dr. Albers constitutes new, material evidence that warrants remand of the case. Rather, Jones asserts that Dr. Albers's agreement with Dr. Newell's opinion entitles Dr. Newell's opinion to greater weight than it was given by the ALJ.

Jones submitted Dr. Albers's May 21, 2011 report to the Appeals Council, which made the report a part of the record, but found that it did not provide a basis for changing the ALJ's decision. R. 1-4. When the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, the court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991). I have considered the record as a whole, including the evidence submitted to the Appeals Council, in my effort to determine whether the ALJ's conclusion regarding Jones's stand/walk limitation was supported by substantial evidence. I conclude that substantial evidence supports the ALJ's decision to adopt the state agency physicians' findings that Jones can stand/walk for up to six hours in an eight hour day.

Jones attributes her functional limitations to complaints of chronic low back pain. The medical evidence of record shows that Jones has received only minimal treatment for this condition during the relevant period. On March 24, 2009, Jones visited Laura Mann, FNP, complaining of chronic back pain and a recent fall. Mann noted that Jones was "doing well and

without complaints," and complied with her medications "most of the time." R. 240. Jones had no leg edema, or shortness of breath, was well-appearing and in no acute distress. Mann diagnosed hypertension, hypercholesterolemia, and arthalgias, and recommended that Jones continue taking her medication for these conditions. R. 240-241.

On September 25, 2009, Jones presented to Christopher Newell, M.D., for a consultative examination in connection with her disability application. R. 246. Dr. Newell noted that Jones had a history of chronic low back pain and asthma, and complained of sharp pain in her low back with no radiation to the legs and occasional radiation to the neck. R. 246. On exam, Jones had a slow but normal gait, some tenderness at L4-L5, and minimal left-sided paravertebral muscle tightness. She had mild decreased dorsolumbar range of motion, negative straight leg raise, and full strength in her upper and lower extremities. R. 247-48. Dr. Newell diagnosed lumbar spondylosis, hypertension, and hypercholesterolemia. Dr. Newell recommended x-rays to confirm the diagnosis. Dr. Newell assessed Jones's RFC, and found that she could stand/walk for four hours in eight hour workday, sit for six hours in eight hour workday, lift/carry ten pounds frequently, lift/carry twenty pounds occasionally, and occasionally bend, stoop and squat. Jones did not need an assistive device to ambulate. R. 249. An x-ray taken of Jones's spine on September 25, 2009 was normal. R. 243.

On September 29, 2009, state agency physician Michael Hartman, M.D., reviewed the medical record and assessed Jones's residual functional capacity. R. 171-73. Dr. Hartman found that Jones could lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk for six hours in an eight hour day, and sit for six hours in an eight hour day. R. 172. He found that Jones had unlimited ability to push/pull with her upper and lower extremities, and could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He also found that

Jones should avoid ladders, ropes scaffolds, fumes, odors, dusts, gases, and hazards. R. 172-73. On October 13, 2009, state agency physician Henry Scovern, M.D., reviewed the record, and agreed with Dr. Hartman's conclusions. R. 254-55.

On March 26, 2010, Jones sought treatment with Gregg Albers, M.D., for acute low back pain. R. 260. She complained of pain in the lower left paraspinal muscles, as well as some sciatica symptoms if she stands for "a while." Dr. Albers assessed low back pain, sciatica and osteoarthritis, and suggested that Jones try over-the-counter medications, heat, ice and rest. R. 260.

On March 29, 2010, Jones followed up with Laura Mann, FNP, who noted that Jones was "doing okay, still having back pain..seeing Dr. Albers and trying to get disability." R. 264. Mann found that Jones was compliant with meds, had occasional shortness of breath with exertion and rarely uses her Albuterol inhaler. Mann diagnosed Jones with hypertension, hypercholesterolemia, and arthralgias, and recommended diet and exercise. R. 264-65.

On May 21, 2010, state agency physician David C. Williams, M.D., reviewed Jones's treatment records, and assessed her RFC. Dr. Williams found that Jones could frequently lift/carry ten pounds, occasionally lift/carry twenty pounds; and could stand/walk and sit for about six hours in an eight hour workday. R. 201-02. Dr. Williams found that Jones could occasionally balance, stoop, kneel, crouch, or crawl; and never climb ladders, ropes or scaffolds. He also found that she should avoid concentrated exposure to hazards, fumes, odors, dusts, gases and poor ventilation. R. 202.

On June 15, 2010, Jones returned to Dr. Albers complaining of pain in her neck and lower back, which was not much better with pain medication. R. 279. Dr. Albers noted that Jones appeared to be in less pain, but still uncomfortable with low back pain and had some

reduced range of motion in her neck. R. 279. He suggested physical therapy and prescribed a muscle relaxant. R. 279.

On July 16, 2010, Jones reported to Dr. Albers that she "has been doing better with her back pain." She noted no new symptoms or changes, and planned to continue with her physical therapy. R. 278. On August 23, 2010, Dr. Albers noted that Jones was making some progress with physical therapy but found the treatment painful. Dr. Albers noted that Jones was still having pain in the lumbar spine area, and recommended a heating pad and continued physical therapy. He stated that Jones was "unable to go back to work at this time." R. 277.

On September 27, 2010, Dr. Albers found that Jones was not making much improvement, but wanted to "keep going," presumably referring to physical therapy. He also stated that Jones's "alternative reasons for not wanting to get better may be work." He recommended that she continue with physical therapy until stable. R. 276.

On May 21, 2011, one month after the ALJ's decision denying benefits, Dr. Albers completed a checklist functional assessment form stating that he reviewed the September 25, 2009 functional assessment completed by Dr. Newell, and agreed with Dr. Newell's finding that Jones could only walk/stand for four out of eight hours in a day. R. 282.

Based on the evidence of record, the ALJ found that Jones is capable of performing a range of light work. In determining Jones's RFC, the ALJ considered Dr. Newell's opinion, but did not adopt his finding that Jones could only stand/walk for four hours in an eight hour day, finding it inconsistent with Jones's objective medical records, the other medical opinions, and the record as a whole. R. 25. The ALJ gave greater weight to the opinions of the state agency physicians, who found that Jones was capable of standing for up to six hours in an eight hour day. R. 25. Jones argues that the ALJ should have given controlling weight to Dr. Newell's

opinion because he was an examining physician, and because his opinion was affirmed by Jones's treating physician, Dr. Albers.

The social security regulations require that an ALJ give the opinion of a treating source controlling weight, if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ must give "good reasons" for not affording controlling weight to a treating physician's opinion.  20 C.F.R. § 404.1527(c)(2), 416.927(c)(2); Saul v. Astrue, 2011 WL 1229781 (S.D. W.Va. March 28, 2011).  Further, if the ALJ determines that a treating physician's medical opinion is not deserving of controlling weight, the following factors must be considered to determine the appropriate weight to which the opinion is entitled: (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the opinion's support by medical evidence; (4) the opinion's consistency with the record as a whole; and (5) the treating physician's specialization. 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5). "None of these factors may be omitted or disregarded by the ALJ in weighing the value of a treating physician's opinion."  Ricks v. Comm'r, 2010 WL 6621693 (E.D. Va. Dec. 29, 2010).

In this case, substantial evidence supports the ALJ's decision not to adopt the four hour standing/walking limitation set forth by Dr. Newell and Dr. Albers, and to instead give more weight to the opinions of the state agency physicians that Jones could stand/walk up to six hours a day.  The ALJ declined to adopt the four hour stand/walk limitation because it was not supported by objective medical evidence or the record as a whole; and indeed, there is little evidence in the record to support this restriction.

Dr. Newell's examination of Jones was largely normal. Dr. Newell noted that Jones had some tenderness at L4-L5, minimal paravertebral muscle tightness, and mild decreased lumbar range of motion. There is no evidence of muscle weakness, decreased mobility or instability. Jones had full strength in her extremities, her gait was slow but normal, her sensory examination was normal, and her straight leg raise test was negative. An x-ray taken of Jones's spine was normal, and she had full range of motion in her shoulders, elbows, hands, hips, knees, ankles and feet. Thus, Dr. Newell's findings on examination provide no support for his conclusion that Jones cannot stand/walk for more than four hours in an eight hour day. As the ALJ noted, Dr. Newell's four hour sand/walk limitation seemed to be based solely upon Jones's subjective complaints.

The four hour stand/walk limitation also lacks support in Jones's objective treatment records. Jones has a sparse treatment history, lacking clinical evidence of functional limitations. The records of Dr. Albers and Laura Mann, FNP contain no mention of any specific functional limitations caused by Jones's back pain, or restrictions on her ability to stand and walk. Aside from taking Lortab and participating in physical therapy, Jones has received no other treatment for her back pain, such as epidural or steroid injections, a TENS unit, a dorsal stimulator, a morphine pump, acupuncture, massage therapy, chiropractic adjustments, or ongoing pain management. There also has been no suggestion by Dr. Albers that Jones may qualify for more aggressive treatment. Rather, Dr. Albers noted that Jones may not want to improve because of work.

Further, Jones's reported daily activities support the ALJ's conclusion that she is capable of performing a range of light work. At the administrative hearing, Jones testified that she lives alone, walks daily, is able to drive, handle her own personal care, perform household chores and

grocery shop. R. 41, 156, 159, 161, 188, 190-92, 247. These daily activities are not consistent with Jones's claim that she cannot perform even a limited range of light work.

The ALJ is tasked with reviewing and weighing the evidence in the record. The ALJ's opinion contains a very thorough analysis of Jones's subjective complaints and medical treatment. The ALJ noted the discrepancy between the four and six hour stand/walk limitations, reviewed the record as a whole, and determined that the six hour limitation was more fully supported. The issue on appeal is not whether it is plausible that a different fact finder could have drawn a different conclusion or even if the weight of the evidence supports a finding of disability. The standard is whether the ALJ's decision is supported by substantial evidence. So long as this standard—defined as more than a mere scintilla but perhaps somewhat less than a preponderance—is met, I cannot recommend reversing the ALJ. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). Given the evidence set forth above, I find substantial evidence to support the ALJ's decision to give Dr. Newell's opinion less weight than the opinions of the state agency physicians, and find that Jones is capable of standing/walking up to six hours in an eight hour day.

**Sentence Six Remand**

Jones raises for the first time in this court that she received a favorable decision awarding her disability benefits on December 2, 2011 and that this decision constitutes new and material evidence that warrants remand of this case for reconsideration by the ALJ under sentence six of 42 U.S.C. § 405(g). The day before the hearing with this Court, Jones submitted a Motion to Supplement the Record, seeking to include a notice of award from the Social Security Administration ("SSA") dated December 2, 2011. Dkt. No. 19. At the Court hearing, Jones's attorney submitted to the Court a Disability Determination and Transmittal from the SSA, setting

forth the basis for the subsequent favorable decision. Dkt. No. 19-1. Having considered the subsequent favorable decision and underlying disability determination, I find that remand is not warranted under sentence six of 42 U.S.C. § 405(g) because Jones failed to show good cause why this evidence was not submitted to the Appeals Council in the prior proceeding.

On May 4, 2011, Jones filed a subsequent claim for SSI, alleging the same onset date of June 22, 2009 (the "subsequent claim").[3] Jones submitted additional evidence in support of her subsequent claim, including medical records from June 13, 2011 through September 27, 2011. On December 2, 2011, the Commissioner declared Jones disabled with an onset date of May 4, 2011, just two weeks after the ALJ's denial in this action. Dkt. No. 19, p. 5.

The Commissioner in the subsequent claim found Jones capable of a modified light RFC, limiting Jones to standing/walking for four hours in an eight hour day, lifting a maximum of ten pounds, and limited manipulation with her right hand. The subsequent decision states,

> [a]lthough past decision has given a light RFC, newer physical exams have shown continued pain with walking, continued symptoms of sciatica/neuritis, additional treatment of pain injection into the lower back which all provide evidence to give the claimant more weight of her ADL description including increased pain with prolonged standing/walking. There is also evidence not included in prior analysis of right hand strength reduced to 2/5 which is significant. Therefore, the claimant's lifting ability would be severely reduced when combined with the low back pain and sciatica.

The subsequent decision includes a functional capacity report by Thomas Henretta, M.D. dated October 28, 2011, finding that Jones is limited to lifting ten pounds occasionally, and less than ten pounds frequently, and standing or walking for four hours in an eight hour day. Dr. Henretta also found that Jones would have limited ability push and pull with her upper

---

[3] The Court was not provided the records submitted by Jones to the Commissioner in support of her subsequent claim. The only evidence available to the Court is the Disability Determination and Transmittal, which summarizes the evidence received by the Commissioner in the subsequent claim.

extremities and limited gross manipulation with her right hand.  Based on those findings, the SSA found Jones disabled as of May 4, 2011.

"A claimant seeking a remand on the basis of new evidence . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier."  Wilkins, 953 F.2d at 96 n. 3.  See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).  Evidence is new if it is not duplicative or cumulative; it is material if there is a reasonable possibility it would have changed the outcome of the Commissioner's decision.  Wilkins, 953 F.2d 96.  The Appeals Council will consider the additional evidence "only where it relates to the period on or before the date of the [ALJ's] hearing decision."  Id. (citing 20 C.F.R. § 416.1470(b)).  Jones has the burden of demonstrating that a remand is appropriate given any new and material evidence.  Meadows v. Astrue, Civ. Action No. 5:08cv01129, 2010 WL 1380117, at *3 (S.D. W.Va. Mar. 31, 2010).

Courts in this district have addressed on several occasions whether a subsequent favorable disability decision constitutes sufficient grounds for a remand.  Compare Phillips v. Astrue, Case. No. 7:12cv194, 2013 WL 485949, at *3-4 (W.D. Va. Feb. 5, 2013) (finding remand based simply upon a subsequent finding of disabled to be an incorrect application of the law); with Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (holding that a subsequent favorable finding of disability may itself constitute new and material evidence warranting remand where the record does not reflect whether the new favorable decision relied upon additional evidence).  The Fourth Circuit has stated in an unpublished opinion that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)."  Baker v. Comm'r of Soc. Sec., No. 12-1709, 2013 WL 1866936, at *1 n.1 (4th Cir. May 6, 2013) (quoting Allen v.

Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009)).  Thus, no question exists that a remand is warranted if additional evidence submitted in support of a subsequent favorable decision is considered new and material to the initial application, and the claimant had good cause for not submitting the evidence in the prior proceeding.  See, e.g., Allen, 561 F.3d at 653-4 (6th Cir. 2009) ("[R]emand would be appropriate based on [a] subsequent favorable decision only if the subsequent decision was supported by new and material evidence that [a claimant] had good cause for not raising in the prior proceeding."); Sayre v. Astrue, Civ. No. 3:09–01061, 2010 WL 4919492, at *4 (S.D. W.Va. Nov. 29, 2010) (remanding upon finding that the evidence underlying a subsequent determination was new and material); cf. Hayes, 488 F. Supp. 2d at 565 (W.D. Va. 2007) (holding that a subsequent decision may be considered new and material evidence depending upon the nature of the evidence supporting the subsequent decision).

In this case, I find that the disability determination and transmittal summarizing the evidence submitted in support of Jones's subsequent application constitutes new evidence because it was generated after the ALJ's decision in this case and includes additional treatment records, medical opinions, and functional limitations that are not cumulative or duplicative of those contained in the prior record.[4]

I also find that the new evidence likely relates back to the time period at issue in this case, and is thus material.  The subsequent decision limits itself to a time period after the claim at issue in this case, and repeatedly refers to "new" evidence generated after the ALJ's decision in the first claim. Dkt. No. 19-1. However, the subsequent decision relies upon many of the same impairments as the underlying decision, and finds Jones disabled with an onset date of May 4,

---

[4] Although Jones did not submit to the Court the actual medical records submitted in support of her subsequent claim, she did submit the Disability Determination and Transmittal report, which summarizes the evidence; thus making a general showing of the nature of the new evidence. See Miller v. Barnhart, 64 Fed. Appx. 858, 859–60 (4th Cir. 2003)(unpublished).

2011, just two weeks after the ALJ's denial decision in this case. Additionally, Jones's impairments of low back pain, hypertension, obesity and right hand pain are not conditions that arose or materially changed during the two week period between the denial and award of benefits.  Further, Dr. Henretta's opinion finds that Jones is limiting to standing/walking four hours in an eight hour day, which mirrors the findings of Dr. Newell in September 2009.  Thus, there is a reasonable possibility that the additional evidence submitted in support of the subsequent decision relates back to the relevant time period in this case, and may change the outcome of the Commissioner's decision.

The Commissioner argues, however, that a sentence six remand is not proper here because Jones lacks good cause for her failure to incorporate this new evidence into the record during the proceedings before the Appeals Council.  Sentence six of 42 U.S.C. § 405(g) allows a court to order that additional evidence be taken before the Commissioner of Social Security, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Id.  See also Hammond v. Apfel, 5 Fed. Appx. 101 (4th Cir. 2001)(unpublished)(Sentence six remand denied where evidence is new and material but plaintiff did not show good cause for the failure to incorporate the evidence into the prior record.)

The good cause prerequisite obligates a plaintiff to demonstrate a reasonable justification for the failure to acquire and present the evidence at the administrative level. Combs v. Astrue, No. 5:06cv00072, 2007 WL 1129398, at *6 (W.D. Va. Apr. 17, 2007)(citing Templeton v. Comm'r of Soc. Sec., 215 Fed. Appx. 458 (6th Cir. 2007)). Good cause must be shown for failure to incorporate new evidence into the record not only at the ALJ stage of review, but also

at the Appeals Council level. <u>Miller v. Astrue</u>, No. 2:07CV00056, 2008 WL 3285757, at *22 (W.D. Va. Aug. 8, 2008).

Here, the subsequent favorable decision was issued on December 2, 2011, ten months before the Appeals Council denied Jones's appeal in this case on October 18, 2012. Thus, while the new evidence was generated after the ALJ's opinion in the underlying claim, it was available almost a year before the Appeals Council's decision.

The Fourth Circuit has suggested a high bar for establishing "good cause" for a sentence six remand. <u>Wooding v. Comm'r of Soc. Sec.</u>, No. 4:10cv00006, 2010 WL 4261268, at *4 (W.D. Va. Oct. 29, 2010). <u>See</u> <u>also</u> <u>Hammond</u>, 5 Fed. Appx. at *103 (4th Cir. 2001) (unpublished)("Without any explanation as to why his workman's compensation would not cover treatment earlier, we find that [plaintiff] has failed to demonstrate 'good cause' to excuse his failure to submit [new evidence]."); <u>Wooding</u>, 2010 WL 4261268, at *6 ("Good cause does not exist based solely on Plaintiff's after-the-fact desire to contradict the Vocational Expert's opinion and the ALJ's subsequent findings."); <u>Rogers v. Barnhart</u>, 204 F. Supp. 2d 885, 892 (W.D.N.C. 2002)("Plaintiff's failure to present such evidence to the Appeals Council is not *good cause.* Ultimately, it is plaintiff who bears the initial burden of production of evidence and the ultimate burden of persuasion.").

Jones provided no explanation as to why she failed to provide the subsequent favorable decision and underlying additional evidence to the Appeals Council. Jones was represented by counsel throughout these proceedings, although she switched attorneys within the same firm prior to the hearing before this Court. Jones's current attorney represented that he was unaware of the favorable decision until shortly before he filed the motion with this Court seeking to supplement the record. However, Jones's attorney also represented that his predecessor was

aware of the decision, and Jones was certainly aware of the favorable award. Additionally, Jones submitted Dr. Albers's May 21, 2011 opinion to the Appeals Council in this case; thus she was aware of the opportunity to submit additional evidence, and capable of doing so in a timely manner.

As noted by the Commissioner, if Jones wished to have these additional records considered by the Commissioner in this proceeding, it was her duty to submit the records to the Appeals Council for consideration. Instead, Jones submitted these records to the Commissioner in connection with a subsequently filed case, dealing with a subsequent time period. Not until the day before the oral argument before this Court, two years after the subsequent decision was issued, did Jones first argue that the subsequent favorable decision was material to this underlying claim.

Jones did not present any indication or explanation to the Court as to why she failed to submit this evidence in the prior proceeding. Accordingly, there is no good cause for Jones's failure to incorporate this evidence into the record in the prior proceeding, and a sentence six remand is not warranted. See Edwards v. Astrue, Civ. Action No. 7:07cv00048, 2008 WL 474128, at *10 (W.D. Va. Feb. 20, 2008)(No good cause for a sentence six remand to consider opinion evidence generated after the ALJ's decision, where there was no indication in the record as to why plaintiff failed to present the evidence when the matter was before the Commissioner.)

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the defendant's motion for summary judgment be **GRANTED**, and Jones's motion for summary judgment be **DENIED**. The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record.

Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter:  January 14, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge